UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 07-CR-289

MHAMMAD ABU-SHAWISH,

    Defendant.

---

**RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS THE SUPERSEDING INDICTMENT**

---

## I. BACKGROUND

The defendant, Mhammad Abu-Shawish ("Abu-Shawish"), was originally indicted on October 7, 2003, on a multitude of charges that included federal program fraud in violation of 18 U.S.C. § 666 in case number 03-CR-211. On June 28, 2005, a jury found Abu-Shawish guilty, and he was later sentenced to thirty-six months imprisonment.

Abu-Shawish filed an appeal, contending, in part, that the indictment failed to properly allege a § 666 violation. On November 1, 2007, the Seventh Circuit Court of Appeals agreed, concluding that "[b]ecause the indictment did not allege that Abu-Shawish defrauded the organization for which he served as an agent, we VACATE the conviction and REMAND the case for further proceedings consistent with this opinion." *United States v. Abu-Shawish*, 507 F.3d 550, 558 (7th Cir. 2007).

In response to the court of appeals' decision, the government took two steps: (1) on November 14, 2007, the government obtained the grand jury indictment that commenced this case, case number 07-CR-289, and (2) on December 7, 2007, the government moved to dismiss without prejudice the indictment in case number 03-CR-211. On December 13, 2007, the district court

granted the government's motion to dismiss without prejudice the indictment in case number 03-CR-211.

On January 8, 2008, the government obtained a superseding indictment against Abu-Shawish in case number 07-CR-289. The superseding indictment is identical to the November 14, 2007 indictment and alleges offenses committed on March 29, 2002, (count 1, mail fraud in violation of 18 U.S.C. §§ 1341 and 2), November 29, 2002, (count 2, mail fraud in violation of 18 U.S.C. §§ 1341 and 2), and January 21, 2002, (count 3, transportation of money in excess of $5,000 in foreign currency knowing the funds had been taken by fraud in violation of 18 U.S.C. §§ 2314 and 2.). On January 16, 2008, the defendant was arraigned and pleaded not guilty to all counts. Currently, no trial is scheduled.

On January 28, 2008, in accordance with the pretrial scheduling order, Abu-Shawish filed a motion to dismiss the superseding indictment pursuant to the Fifth Amendment's Double Jeopardy Clause and a motion to dismiss the superseding indictment as time barred. On February 4, 2008, the government filed its response to the defendant's motions. Abu-Shawish filed his reply on March 3, 2008. Accordingly, the defendant's motions are now fully briefed and are ready for resolution. For the following reasons, the court will recommend that the defendant's motions be denied in part and granted in part.

### III. DISCUSSION

Abu-Shawish moves the court to dismiss the superseding indictment in case number 07-CR-289 on two grounds: (1) he alleges that the superseding indictment violates the Fifth Amendment's Double Jeopardy Clause, and (2) he alleges that the superseding indictment is statutorily time barred. The court will address each motion in turn.

A.  **Motion to Dismiss the Superseding Indictment Pursuant to the Fifth Amendment's Double Jeopardy Clause**

Abu-Shawish argues that the superseding indictment in case number 07-CR-289 should be dismissed pursuant to the Fifth Amendment's Double Jeopardy Clause. More specifically, Abu-Shawish contends that the Seventh Circuit Court of Appeals' decision in case number 03-CR-211 was "based on a finding of insufficient evidence" and that such decision is the functional equivalent of an acquittal, preventing the government from retrying Abu-Shawish for the same offense. (Mot. at 1.) For the reasons set forth below, the court will recommend that the defendant's motion to dismiss the superseding indictment in case number 07-CR-289 on Fifth Amendment grounds be denied.

The Fifth Amendment's Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend V. The clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 769 n.1 (1994). However, the Double Jeopardy Clause does not prohibit the government from trying a defendant whose conviction is set aside because of an error in the proceedings. *Burks v. United States*, 437 U.S. 1, 14 (1978). Accordingly, the court must "distinguish between reversals due to trial error and those resulting from evidentiary insufficiency." *Id*.

> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e.g.*, incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Burks*, 437 U.S. at 16. As noted by Abu-Shawish, if the court of appeals' decision in case number 03-CR-211 is based on a finding of insufficient evidence, the court of appeals' decision "is akin to an acquittal and bars the defendant's retrial." *See United States v. Rogers*, 387 F.3d 925, 935 (citing *Burks*, 437 U.S. at 18).

In my opinion, the Seventh Circuit Court of Appeals' decision to remand case number 03-CR-211 amounted to a finding that the evidence was insufficient to establish the charge in the indictment – program fraud, under § 666. To be sure, the court of appeals never explicitly stated that it found the evidence insufficient to support the indictment. Instead, the court of appeals held that the indictment did not properly charge Abu-Shawish, as he could not have been found guilty of the crime charged. *Abu-Shawish*, 507 F.3d at 558. However, in holding that the government improperly charged the defendant, the court of appeals implicitly found that the evidence was insufficient to find Abu-Shawish guilty of the crime charged. *See id*.

Indeed, the government correctly notes that the court of appeals stated that "the evidence was sufficient to show that Abu-Shawish defrauded the City of Milwaukee." *See Abu-Shawish*, 507 F.3d at 558. However, that does not lead to the conclusion that the court of appeals' decision to remand was not based on the insufficiency of the facts. The court of appeals' statement that "the evidence was sufficient" does not denote that the evidence was sufficient to establish the charges in case number 03-CR-211. To the contrary, the court of appeals found that the evidence was sufficient to establish "mail or wire fraud" – crimes not charged in the indictment. *See id*. Accordingly, I find that the court of appeals' decision amounted to an acquittal that bars the government from retrying the defendant for program fraud under § 666.

However, that the court of appeals vacated the jury's verdict in Abu-Shawish's first trial by holding that there was insufficient evidence to support such a conviction is not fatal to the grand

4

jury's indictment in case number 07-CR-289. The Double Jeopardy Clause is not offended when a defendant is convicted under two provisions, so long as 'each provision requires proof of fact which the other does not.'" *United States v. Ghilarducci*, 480 F.3d 542, 550 (7th Cir. 2007) (citing *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932))). The dismissed indictment in case number 03-CR-211 alleged program fraud, in violation of § 666, while the superseding indictment in case number 07-CR-289 alleges mail fraud and interstate transportation of money taken by fraud, in violation of 18 U.S.C. §§ 1341 and 2314. A review of the *Seventh Circuit Federal Jury Instructions - Criminal* shows that § 666 requires proof of a fact that is required by neither § 1341 nor § 2314 and vice versa.

To establish program fraud under § 666, the government must prove the following propositions:

> First, that the defendant was an agent of [an organization] [a [state] [local] [Indian tribal] government, or any agency of that government] . . .
>
> Second, that the defendant [embezzled] [stole] [obtained by fraud] [knowingly and without authority converted to use of someone other than the rightful owner] [intentionally misapplied] some [money] [property];
>
> Third, that the [money] [property] was owned by or was under the care, custody or control of the [organization] [government or agency];
>
> Fourth, that the [money] [property] had a value of $5,000 or more; and
>
> Fifth, that the [organization] [government or agency], in a one year period, received benefits of more than $10,000 under a federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

*Seventh Circuit Federal Jury Instructions-Criminal* 214 (West 1999).

To establish mail fraud under § 1341, the government must prove the following propositions:

> First, that the defendant knowingly [devised] [or] [participated in] the scheme [to defraud] [or] [to obtain money or property by means of false pretenses, representations, or promises] . . . ;

5

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purposes of carrying out the scheme or attempting to do so, the defendant [used [or caused the use of]] [the United States Mails] [or a private or commercial interstate carrier] . . .

*Id*. at 259.

To establish interstate transportation of money taken by fraud under § 2314, the government must prove the following propositions:

First, the [ . . . goods charged in the indictment] had been stolen;

Second, the [ . . . goods charged in the indictment] had a value of at least $5,000;

Third, the defendant transported or caused to be transported [the] [ . . . goods charged in the indictment], in [interstate commerce; foreign commerce] . . .; and

Fourth, at the time the defendant transported or caused to be transported the [. . . goods charged in the indictment] he . . . knew they had been stolen.

*Id*. at 362.

The charges in the superseding indictment in case number 07-CR-289, i.e., mail fraud and interstate transportation of money taken by fraud, each require proof of a fact which is not required to prove program fraud. Specifically, mail fraud requires the government to establish that the defendant utilized the United States Mails or private commercial interstate carrier for the purpose of carrying out fraud, an element not required in program fraud. Moreover, interstate transportation of money taken by fraud requires the government to prove that the defendant transported or caused to be transported goods in interstate or foreign commerce. Again, this is not an element necessary to establish a violation of program fraud. Accordingly, the government's superseding indictment in case number 07-CR-289 does not implicate the Fifth Amendment's Double Jeopardy Clause because each of the charges therein require proof of a fact not required by the charges in case number 03-CR-

6

211. Therefore, this court will recommend that the defendant's motion to dismiss the superseding indictment on Fifth Amendment grounds be denied.

**B.     Motion to Dismiss the Superseding Indictment as Statutorily Time Barred**

In the alternative, Abu-Shawish moves the court to dismiss the superseding indictment in case number 07-CR-289, arguing that all three counts are time barred under the applicable statute of limitations. Specifically, the defendant argues that the statute of limitations applicable to counts one and three had already run on November 14, 2007, when the grand jury returned the original indictment in case number 07-CR-289. The defendant further argues that the November 14, 2007 indictment is invalid and that the statute of limitations on count two ran before the return of the identical superseding indictment on January 8, 2008. For the reasons which follow, this court will recommend that the defendant's motion to dismiss the superseding indictment as statutorily time barred be denied in part and granted in part.

1.     *Count One*

The parties disagree over which statute provides the appropriate limitations period for count one of the superseding indictment, charging Abu-Shawish with mail fraud under § 1341. Abu-Shawish argues that 18 U.S.C. § 3282(a), setting forth the general statute of limitations period for the issuance of indictments in non-capital federal criminal cases, is applicable. Section 3282(a) provides that "*[e]xcept as otherwise expressly provided by law*, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." (emphasis added). In other words, § 3282(a) is the default statute of limitations to be applied when no other statute is applicable to non-capital federal criminal cases.

7

The government argues that 18 U.S.C. § 3293(2) provides the correct limitations period. That statute provides that "[n]o person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate [18 USCS] section 1341 or 1343, if the offense affects a financial institution, unless the indictment is returned or the information is filed within 10 years after the commission of the offense." The government argues that § 3293(2) is applicable because the mail fraud allegation in count one is made pursuant to § 1341 and because paragraph thirteen of the superseding indictment alleges that "[a]s a further result of the scheme to defraud, Abu-Shawish affected financial institutions, including TCF Bank in Milwaukee, by putting bank funds at risk." (Superseding Indictment at ¶ 13.)

I agree with the government that, in this case, the ten year statute of limitations set forth in § 3293(2) trumps the general default statute set forth in § 3282(a) and is applicable to count one of the superseding indictment. Abu-Shawish was charged under § 1341 and the indictment alleges that the offense affected a financial institution. Accordingly, all of the elements necessary under the ten year statute of limitations have been met and the court need not turn to the default limitations period set forth in § 3282(a).

The parties appear to agree that the mailing referenced in count one occurred on or about March 29, 2002. Accordingly, given the ten year window that § 3293(2) provides the government to bring charges, the government has until on or before March 29, 2012 to charge Abu-Shawish with count one of the superseding indictment. Because Abu-Shawish was indicted on the charges well before that date, the court will recommend that the defendant's motion to dismiss the superseding indictment as time barred, in so far as it refers to count one, be denied.

2. *Count Two*

Count two of the superseding indictment also charges Abu-Shawish with mail fraud under § 1341, and it would appear that count two also alleges that the scheme to defraud affected a financial institution. In its entirety, count two of the superseding indictment states:

**The Grand Jury Further Charges:**

On or about November 29, 2002, in the State and Eastern District of Wisconsin,

**Mhammad Abu-Shawish**,

in execution of the above-described scheme to defraud [referring to the scheme to defraud set forth in paragraphs 2-13 of the superseding indictment], did cause mail matter to be delivered to him by the United States Postal Service. The mail matter included bank statements and other documents from TCF Bank.

All in violation of Title 18, United States Code, sections 1341 and 2.

(emphasis in the original).

The scheme to defraud described in paragraphs 2-13 of the superseding indictment includes the allegation that "[a]s a further result of the scheme to defraud, Abu-Shawish affected financial institutions." Therefore, the government argues, and I agree, that count two alleges that the mail fraud affected a financial institution and therefore the ten year statute of limitations set forth in § 3293(2) applies to count two as well as to count one. Because the alleged mailing in count two occurred on November 28, 2002, the government has until November 28, 2012 to charge Abu-Shawish with count two; the superseding indictment was filed well before that date.

However, even if count two of the superseding indictment's reference to the scheme to defraud were not sufficient to bring count two into the purview of § 3293(2), count two is nevertheless not time barred under the five-year default statute of limitations set forth in § 3282(a). Applying § 3282(a) would require that the grand jury indict the defendant on the second mail fraud

charge on or before November 28, 2007. The original indictment in case number 07-CR-289 was returned on November 14, 2007, within the statutory limitations period. The superseding indictment, however, was not returned until January 8, 2008, after the statute of limitations period had run, barring any applicable tolling provisions.

The Seventh Circuit Court of Appeals has held that "a superseding indictment that supplants a still-pending original indictment relates back to the original indictment's filing date so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant." *United States v. Daniels*, 387 F.3d 636, 642 (7th Cir. 2004) (citations omitted). Because the superseding indictment in this case is identical to the original indictment, the superseding indictment "neither materially broadens nor substantially amends the charges initially brought." Therefore, the superseding indictment "relates back" to the original November 14, 2007 indictment date and thereby falls within the statute of limitations.

Abu-Shawish argues, however, that the original indictment, which was returned on November 14, 2007, was not validly pending on that date because the district court had not yet dismissed the indictment in case number 03-CR-211. The defendant argues that because both indictments were simultaneously pending "Abu-Shawish faced multiple indictments by the same sovereign for like conduct[, and that] [t]his is the sort of harassment which fundamental fairness and the due process clause prohibit." Abu-Shawish argues that, because the original indictment was not validly pending on January 8, 2008, when the superseding indictment was returned, the superseding indictment could not relate back to that indictment's November 14, 2007 filing date. And because the date of the superseding indictment (January 8, 2008) is outside the statute of limitations period, count two is time barred.

10

I disagree with the defendant's initial contention that the original indictment (the November 14, 2007 indictment) was invalid under the due process clause. As explained above, the charges set forth in the November 14, 2007 indictment, while stemming from the same set of facts upon which the charges in case number 03-CR-211 were based, are separate and distinct from those brought in case number 03-CR-211. The government did not err in bringing both indictments simultaneously because the charges in each required proof of different facts. Because the original indictment was properly returned, the superseding indictment does relate back to that indictment, and the relevant charging date for statute of limitation purposes is November 14, 2007, two weeks before the statute of limitations expired. Therefore, this court will recommend that the defendant's motion to dismiss the indictment as time barred, in so far as it refers to count two, be denied.

    3.    *Count Three*

Both parties agree that the five year limitation period set forth in § 3282 is applicable to count three of the superseding indictment. Count three alleges that on January 21, 2002, Abu-Shawish transported in excess of $5,000 in interstate commerce knowing the funds had been taken by fraud. Such circumstances would normally require that an indictment be returned on or before January 21, 2007, in order to fall within the five year limitations period, i.e., well before the November 14, 2007 indictment was returned.

The government, however, argues for the applicability of 18 U.S.C. § 3288. Section 3288 states, in pertinent part that:

> [w]henever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, . . . which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or

information where the reason for the dismissal was . . . some other reason that would bar a new prosecution.

Abu-Shawish argues that the extension period provided for in § 3288 does not apply in this instance because the statute prohibits a new indictment if there is "some other reason that would bar a new prosecution." (Mot. at 3.) In contending that there is "some other reason" to bar the use of § 3288, Abu-Shawish argues that § 3288 is designed only "to allow a second indictment to remedy legal deficiencies and pitfalls in the first." (*Id*.) More specifically, the defendant argues that the court should adhere to the language of § 3288 before the statute was amended in 1988. (*Id*.) Before the amendment, § 3288 provided for an extension of the limitations period when the dismissal of the indictment was based on "any error, defect, or irregularity with respect to the grand jury, or an indictment . . . is found otherwise defective or insufficient for any cause." (*Id*.) Although the defendant presents the court with several policy concerns, which he contends warrant applying § 3288 only when the prior indictment was dismissed for defects in the original indictment, such policy concerns do not trump the fact that the language upon which Abu-Shawish relies in advancing his argument was removed from the statute by Congress. The plain language of the current statute provides that § 3288 applies "whenever an information or indictment is dismissed for *any reason*." (emphasis added). I can hardly ignore the plain language of the statute and, instead, apply language which Congress thought it prudent to remove from the statute twenty years ago. That having been said, I nevertheless find that the extension of time provided for in § 3288 is inapplicable in this case.

Here, the superseding indictment in case number 07-CR-289 alleges crimes entirely different from those set forth in the indictment in case number 03-CR-211. The plain language of § 3288 does not state whether a second indictment must charge the exact same offense as the dismissed indictment in order for the extension of time to apply. The statute merely states that "[w]henever an indictment . . . is dismissed for any reason after the period prescribed by the applicable statute of

12

limitations has expired, a *new indictment* may be returned." (emphasis added). And the statute does not define what the term "new indictment" is meant to include. Indeed, that precise question would appear to be a question of first impression in this circuit.

The Seventh Circuit has held that "[a] superseding indictment that supplants a still-pending original indictment relates back to the original indictment's filing date so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant." *United States v. Ross*, 77 F.3d 1525, 1537 (7th Cir. 1996). The Court has explained the justification for this rule by noting that:

> once an indictment has been timely filed, the defendant is notified of the charge against him and may begin to prepare his defense. The mere restatement or superficial amendment of the charge in a subsequent indictment does not further prejudice the defendant and thus does not offend the purposes underlying the limitations period.

*Id*.

Other circuits have held that "the practice of tolling the statute of limitations for superseding indictments that do not materially broaden the charges of the original indictment is equally applicable to 18 U.S.C. § 3288." *United States v. Garcia*, 268 F.3d 407, 412 (6th Cir. 2001) (citing *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990); *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976). These courts have held, and I agree, that "[t]he notice considerations that permit tolling in cases of *superseding* indictments apply in the case of *new* indictments as well. That is, the limitations period will only be tolled if the charges and allegations in the new indictment are substantially the same as those in the original indictment." *Italiano*, 894 F.2d at 1283 (emphasis in the original); *see also Garcia*, 268 F.3d at 412.

In determining whether a superseding indictment materially broadens a still-pending original indictment, the Seventh Circuit has traditionally focused on whether the defendant was "on notice

13

of the charges pending against [him]." *United States v. Daniels*, 387 F.3d 636, 642 (7th Cir. 2004). The original indictment should "inform the defendant in no uncertain terms that [he] would have to account for essentially the same conduct with which [he was] ultimately charged in the superseding indictment." *Id*. So too here, if the indictment in case number 03-CR-211 placed Abu-Shawish on notice that he would have to account for the conduct alleged in the superseding indictment in case number 07-CR-289, § 3288 will allow for the extension of the statute of limitations.

The indictment in case number 03-CR-211 charged Abu-Shawish with program fraud and the superseding indictment in case number 07-CR-289 charges Abu-Shawish with mail fraud and interstate transportation of money taken by fraud. As discussed more thoroughly above, the charges in case number 07-CR-289, although stemming from the same general course of events that led to the indictment in case number 03-CR-211, will require Abu-Shawish to defend against different facts of which he was not notified in case number 03-CR-211. The program fraud charges did not put Abu-Shawish on notice that he would have to account for certain mailings or for the transportation of any allegedly fraudulently obtained goods. Such being the case, the allegations in the superseding indictment include new facts that materially broaden the factual scenario which the indictment in case number 03-CR-211 notified Abu-Shawish that he would have to defend against. Stated another way, the charges and allegations in the new indictment are *not* substantially the same as those in the original indictment; to the contrary, in my opinion they materially broaden the charges of the original indictment. Therefore, this court will recommend that the defendant's motion to dismiss the superseding indictment as time barred, in so far as it relates to count three, be granted.

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motion to dismiss the superseding indictment pursuant to the Fifth Amendment's Double Jeopardy Clause (dkt # 13) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that the defendant's motion to dismiss the superseding indictment as time barred (dkt # 12) be **DENIED IN PART** and **GRANTED IN PART**; specifically, it is recommended that the defendant's motion to dismiss counts one and two be denied, but that the defendant's motion to dismiss count three be granted.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 17th day of March, 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge