# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                    Plaintiff,

                                     **Case No. 07-CR-289**

       **-vs-**

MHAMMAD ABU-SHAWISH,

                    Defendant.

---

# DECISION AND ORDER

---

Both parties in the above-captioned case appeal from the Recommendation to this Court from Magistrate Judge William E. Callahan, Jr. That Recommendation concluded that the defendant, Mhammad Abu-Shawish's ("Shawish") motion to dismiss the superseding indictment on Double Jeopardy grounds be denied and that Shawish's motion to dismiss the superseding indictment as time barred be granted as to Count Three of the indictment and denied as to Counts One and Two.

This Court, having read the submissions, rules as follows. The Court agrees with the Magistrate Judge that Shawish's motion to dismiss the superceding indictment be denied. However, the Court adopts the government's reasoning for doing so. The Seventh Circuit Court of Appeals' opinion focuses on the defect in the indictment, not on the sufficiency of the evidence.

This Court also agrees with the Magistrate Judge's conclusion that Shawish's motion to dismiss Counts One and two should be denied. The Court disagrees that Count Three should be dismissed.

The Magistrate Judges's opinion appears to ignore the plain language of 18 U.S.C. § 3288, which allows a grace period for the filing of a new indictment when an indictment is dismissed after the original statute of limitations has expired.

The Magistrate Judge's decision places an additional requirement upon the analysis which renders § 3288 a nullity. Older cases read the statute in a more straightforward manner. *See, e.g., United States v. Macklin*, 535 F.2d 191 (2d Cir. 1976)(indictment not barred by statute of limitations since defendant had been re-indicted within 6 months of date on which previous indictment had been dismissed); *United States v. Ponder*, 444 F.2d 816 (5th Cir. 1971)(where dismissal of indictment because of improperly constituted grand jury occurred after period of limitations had run and new indictment charging defendant was returned within 6 months after dismissal, prosecution on new indictment was not barred.) These decisions reflect the correct interpretation of the statute.

Accordingly, the Magistrate Judge's Recommendation [dkt #17] is adopted in part. Shawish's Motion to Dismiss the Superseding Indictment as Time Barred [dkt #12] is **DENIED.** Shawish's Motion to Dismiss The Superseding Indictment Pursuant to the Fifth Amendment Double Jeopardy Clause [dkt #13] is **DENIED**.

-2-

Dated at Milwaukee, Wisconsin, this 29th day of May, 2008.

**SO ORDERED,**


**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**